IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST E. WARHURST, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-00245-N |
| | ) |
| ONE TWENTY FOOT BERTRAN, 1969 | ) **IN ADMIRALTY** |
| Model Year, bearing Alabama | ) |
| Registration No. AL8238LM, her | ) |
| engines, tackle, equipment, | ) |
| appurtenances, and attached travel | ) |
| trailer, etc., *in rem*, and DAVID L. | ) |
| JONES, *in personam*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This action is before the undersigned United States Magistrate Judge on Plaintiff's Motion for Leave to Amend Answer to Counterclaim (Doc. 36) and Notice of Expert Disclosure (Doc. 37), and the Response filed by Defendant David L. Jones (Doc. 38). Upon consideration, Motion for Leave to Amend Answer to Counterclaim is **GRANTED** and the proposed Amended Answer to Counterclaim is deemed filed upon entry of this order. The Notice of Expert Disclosure was not filed with the court until September 8, 2014, whereas the Scheduling Order provided that any motion to permit leave for expert discovery would be filed "no later than August 18, 2014." Doc. 29 at 3. Accordingly, Plaintiff's Notice of Expert Testimony is **STRICKEN**.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Overall, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001). Also, "[t]his Circuit has accepted a policy of liberal amendment." *U.S. for Use and Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.* 831 F.2d 978, 983 (11th Cir. 1987) (citing *Longhan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519 (11th Cir.1985) and *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir. Nov.1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.")).

The motion was filed after the August 18, 2014, deadline for amendment of pleadings and joinder of parties as set in Scheduling Order (Doc. 29 at 3). However, this amended answer comes in response to an amended counterclaim by the non-movant (*See* Doc. 31) and there is more than two weeks until the scheduled September 30, 2014 bench trial, so the non-movant will not be prejudiced in preparing for trial. The docket does not indicate that Plaintiff engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies in its pleadings. Accordingly, Motion for Leave to Amend Answer to Counterclaim is **GRANTED** and the proposed Amended Answer to Counterclaim is

deemed filed upon entry of this order.

Plaintiff's Notice of Expert Disclosure was not filed with the court until September 8, 2014. This Notice is time-barred by the Scheduling Order provided that any motion to permit leave for expert discovery would be filed "no later than August 18, 2014." Doc. 29 at 3. Fed. R. Civ. P. 16(b)(4) states that a schedule may be modified "only for good cause" and Plaintiff has not shown what cause there is to modify the Scheduling Order in light of the relatively small amount in controversy and the added cost of expert testimony. Accordingly, Plaintiff's Notice of Expert Testimony is **STRICKEN**.

**DONE** and **ORDERED** this the 15th day of September, 2014.

                                         */s/ Katherine P. Nelson*
                                         **KATHERINE P. NELSON**
                                         **UNITED STATES MAGISTRATE JUDGE**