# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EARNEST E. WARHURST, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-00245-N |
| ONE TWENTY FOOT BERTRAN, 1969 Model Year, bearing Alabama Registration No. AL8238LM, her engines, tackle, equipment, appurtenances, and attached travel trailer, etc., *in rem*, and DAVID L. JONES, *in personam*, | ) **IN ADMIRALTY** |
| Defendants. | ) |

## ORDER

This action came before the undersigned on November 7, 2014 in response to the parties' request for a hearing on defendant's assertions that a conflict of interest exists, which necessitates a release of the vessel, or in the alternative, the appointment of a new substitute custodian. Present at the hearing were Gregory Buffalow, Esq., counsel for the Plaintiff, and Daniel Sayers, Esq., counsel for the Defendant. Pending before the Court are Defendant David L. Jones' Motions to Supplement (Docs. 54, 57), Plaintiff's Reply (Doc. 55), and the parties' Responses to the undersigned's Order to Show Cause (Docs. 58, 59).

Defendant Jones' first Motion to Supplement (Doc. 54) is construed by the Court as a Motion for Release of the Vessel or, in the alternative, to Appoint a New

Substitute Custodian. The motion is **GRANTED** <u>only to the extent the motion requests a hearing before the Court</u>, and is otherwise **DENIED**.

The expert testimony and report of Joel Perez which was submitted by the Plaintiff in support of his claim has been previously stricken and such testimony will not be allowed at the trial of this action. Doc. 39 at 1. Although there is evidence of a relationship between plaintiff and the employees of the substitute custodian, no real showing has been made that the substitute custodian has violated its fiduciary obligation of safekeeping of the vessel. *See New River Yachting Center, Inc. v. M/V Little Eagle II*, 401 F. Supp. 132 (S.D. Fla. 1975) (the duty of substitute custodian is to maintain vessel "in a safe and secure manner as to protect it from injury to end that . . . its value to the parties will not have been impaired by unnecessary deterioration or damage from which the custodian could be responsible."). Accordingly, to the extent the motion seeks release of the vessel, or in the alternative the appointment of a new custodian, the motion is **DENIED.**

Defendant Jones' second Motion to Supplement (Doc. 57), which contains further information concerning the substitute custodian and requests specific orders to show cause directed at the Plaintiff, is **DENIED** for the reasons previously set out herein.

**DONE** and **ORDERED** this the 7th day of November 2014.

    */s/ Katherine P. Nelson*
    **KATHERINE P. NELSON**
    **UNITED STATES MAGISTRATE JUDGE**