# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EARNEST E. WARHURST, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-00245-N |
| ONE TWENTY FOOT BERTRAN, 1969 Model Year, bearing Alabama Registration No. AL8238LM, her engines, tackle, equipment, appurtenances, and attached travel trailer, etc., *in rem*, and DAVID L. JONES, *in personam*, | ) **IN ADMIRALTY** |
| Defendants. | ) |

## ORDER

This action is before the Court[1] on several post-judgment motions and responses: Plaintiff Earnest Warhurst's Motion for Bond (Doc. 74); Defendant David Jones's Motion for Writ of Execution (Doc. 78); Plaintiff's Motion to Stay Execution for 30 Days as Provided by State Law (Doc. 79); Plaintiff's Response in Opposition to the Motion for Writ of Execution (Doc. 80); Defendant's Response in Opposition to Motion to Stay Execution for 30 Days as Provided by State Law (Doc. 81); and Defendant's Reply to Response in Opposition to Motion for Writ of Execution (Doc. 82). Plaintiff's Motion for Bond (Doc. 74) is construed as a motion to obtain a stay by supersedeas bond pursuant to Fed. R. Civ. P. 62(d). For the reasons given below, Plaintiff's Motion for Bond (Doc. 74) is **DENIED**. Plaintiff's Motion to Stay

---

[1] This action is before the undersigned United States Magistrate Judge for all matters, with express consent of the parties, pursuant to 28 U.S.C. § 636(c). *See* Docs. 15, 16.

Execution for 30 Days as Provided by State Law (Doc. 79) is likewise **DENIED**. Lacking a stay on the Court's Judgment (Doc. 71), Plaintiff is **ORDERED** to **SHOW CAUSE** on or before **Friday, May 1, 2015**, why the Motion for Writ of Execution (Doc. 78) should not be granted.

## I. Background

After a bench trial, judgment was entered in favor of Defendant and against Plaintiff in the amount of $5,505.00. Doc. 71. Plaintiff was given until March 30, 2015, to satisfy the judgment, but allowed this deadline to lapse without action. *See id.* On April 1, 2014, Defendant made his first attempt to enforce the judgment by way of a Motion to Compel (Doc. 72), which was later stricken (Doc. 77). On April 10, 2015, Plaintiff gave notice that he was appealing the final judgment of this Court (Doc. 73) and made a Motion for Bond, asking the Court to stay the enforcement of the judgment by setting a supersedeas bond pursuant to FED. R. CIV. P. 62(d). Also on April 10, 2015, the Defendant made his second attempt to enforce the judgment with a Motion for Writ of Execution (Doc. 78). On April 12, 2015, Plaintiff made a Motion to Stay Execution for 30 Days Pursuant to State Law (Doc. 79). Parties entered responsive pleadings to all three motions (Docs. 80, 81, and 82).

## II. Motion for Bond

The stay of a money judgment is governed by Fed. R. Civ. P. 62(d), which states that " . . . the appellant may obtain a stay by supersedeas bond," which "takes effect when the court approves the bond." "The purpose of the supersedeas bond is

2

to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir.1986).

Where an appellant files a motion for stay pending appeal, that Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (quoting *Hilton v. Braunskill*, 581 U.S. 770, 776 (1987)). As the party seeking a stay, the Plaintiff bears heavy burden to show that this extraordinary remedy is warranted. *See McCammon v. United States*, 584 F. Supp. 2d 193, 197 (D.D.C. 2008) ("granting a stay pending appeal is always an extraordinary remedy, and . . . the moving party carries a heavy burden to demonstrate that the stay is warranted." (citation and internal quotation marks omitted); *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (stay pending appeal "is considered extraordinary relief for which the moving party bears a heavy burden" (citation omitted); *see generally Nken*, 556 U.S. at 427 (noting that stay of a final order pending review amounts to "intrusion into the ordinary processes of administration and judicial review") (citation omitted).

It is well established that the likelihood of success on the merits is ordinarily the "most important" factor in the analysis and requires, at a minimum, a showing of a "substantial case on the merits," even upon a strong showing of the other three

3

factors. *Garcia-Mir v. Meese*, 781 F. 2d 1450, 1453 (11th Cir. 1986); *see also Nken*, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be better than negligible" and "more than a mere possibility of relief is required.") (citations omitted); *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 56 (D.D.C. 2009) (as to the first factor, movant must at least raise "serious legal questions going to the merits, so serious, substantial difficult as to make them a fair ground of litigation." (citations omitted); *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 663, 664 (E.D. Mich. 2002) (movant seeking a stay of judgment pending appeal "must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal" and "is always required to demonstrate more than the mere possibility of success on the merits") (citations omitted).

Plaintiff has failed to address any of the factors for granting a supersedeas bond. *See* Doc. 74. Rather, Plaintiff's motion states, in its entirety, "Plaintiff, Ernest E. Warhurst Jr., respectfully requests the Court to set an amount for *supersedeas* bond in order to stay the judgment herein pending appeal." *Id.* Plaintiff makes no showing that there is likelihood that his appeal will succeed on the merits, and the Court must conclude that it will not.

The Court also concludes that the other factors do not heavily tilt in Plaintiff's favor. Plaintiff has failed to demonstrate that they will be irreparably injured in the event a stay is not granted. Plaintiff also fails to show why no harm will come to Defendant by granting a stay after the deadline for satisfying the

judgment has already passed. Finally, Plaintiff does not address whether a stay would affect the public interest.

Because the other three factors do not weigh in their favor, Plaintiff is required to show a more substantial likelihood of success. They have not done so. Accordingly, Plaintiff has failed to satisfy his heavy burden of demonstrating entitlement to the extraordinary remedy of a stay pending appeal, inasmuch as he has failed to make any showing whatsoever of a likelihood of success on the merits that is better than "negligible" or a "mere possibility."

### III. Motion for Stay Execution for 30 Days as Provided by State Law

Plaintiff moves the Court to stay the execution of the judgment for 30 days pursuant to FED. R. CIV. P. 62(f), which states that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Under ALA. R. CIV. P. 62(a), " . . . no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of thirty (30) days after its entry." The judgment in this case is not a "lien . . . under the law of the state where the court is located," but is rather a cash judgment. Doc. 71. Thus, FED. R. CIV. P. 62(F) does not apply. Rather, the judgment in this case falls under the 14-day automatic stay provided for in FED. R. CIV. P. 62(a). In either case, the Judgment of this Court issued on March 13, 2015 (*see* Doc. 71), meaning that both the 14-day and 30-day time periods discussed have expired.

### IV. Motion for Writ of Execution

5

The Defendant requests that the Court, pursuant to Fed. R. Civ. P. 69(a)(1), issue a Writ of Execution to enforce the money judgment made against the Plaintiff. (Doc. 78). Rule 69(a)(1) states that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The applicable procedures are to be found in Title 6, Chapter 9 of the Code of Alabama, concerning judgments and execution thereon.

Plaintiff's current Response in Opposition to the Motion for Writ of Execution (Doc. 80) states only that the Motion for Writ is premature in light of the Plaintiff's motions to stay. The motions to stay being lacking, the Plaintiff is granted an opportunity to show good cause why the Motion for Writ should not be granted.

## V. Conclusion

Accordingly and upon consideration, it is **ORDERED** that:

(1) Plaintiff's Motion for Bond (Doc. 78) is due to be and is hereby **DENIED**.

(2) Plaintiff's Motion to Stay Execution for 30 Days as Provided by State Law is due to be and is hereby **DENIED**.

(3) Plaintiff is to **SHOW CAUSE** on or before **Friday, May 1, 2015**, why the Defendant's Motion for Writ of Execution should not be granted.

**DONE** and **ORDERED** this the 24th day of April 2015.

                                                   */s/Katherine P. Nelson*
                                                   **KATHERINE P. NELSON**
                                                   **UNITED STATES MAGISTRATE JUDGE**